<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH DEMETRIU HARRIS,** | Civil Action No. 24-09494 (JKS) |
| Petitioner, | |
| v. | OPINION |
| **WARDEN, FCI FORT DIX,** | |
| Respondent. | |

<u>**SEMPER, District Judge**</u>

**THIS MATTER** comes before the Court upon the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1) by *pro se* Petitioner Kenneth Demetriu Harris ("Petitioner"), a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Petitioner raises one ground for relief, challenging the Federal Bureau of Prison's ("BOP") failure to apply his earned time credits under the First Step Act ("FSA").[1] Respondent filed a response opposing habeas relief. (Resp't Resp., ECF No. 8.) The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.    <u>THE PETITION</u>**

As of the September 27, 2024 habeas filing date, Petitioner had earned 195 days of FSA time credits. (Pet'r's Mem. of Law, ECF No. 1-1, at 2.) Applying those credits, Petitioner

---

[1] *See* 18 U.S.C. § 3624(g), Prerelease custody or supervised release for risk and needs assessment system participants.

1

contends that his projected BOP release date is March 24, 2026.[2] (Pet., at 6.) Petitioner argues that the BOP violated 18 U.S.C. § 3632(d)(4)(c) by failing to immediately transfer him to pre-release custody based on his projected October 10, 2024 completion of a Residential Drug Abuse Treatment Program ("RDAP") and application of the Second Chance Act. (*Id*.)

In addition, Petitioner alleges that his case manager and unit manager refuse to apply time credits to effect Petitioner's release to pre-release or supervised release custody. (Pet'r's Mem. of Law, at 3.) Petitioner says he was denied transfer because the halfway house in Baltimore, Maryland is at capacity and does not have bed space for him. (*Id*.) Petitioner also contends that he provided his case manager with a new address in order to use the remainder of his time credits towards supervised release. (*Id*.) Petitioner seeks an order directing BOP to place him immediately in pre-release custody in a residential re-entry center or home confinement. (Pet., at 7; Pet'r's Mem. of Law, at 4.)

## II. RESPONSE TO THE PETITION

Respondent argues that the Court should dismiss the petition for failure to exhaust administrative remedies. (Resp't Resp., at 1.) More specifically, Petitioner never submitted a request through BOP's administrative remedy program, a fact that Petitioner acknowledges in his petition. (*Id.* at 2.) Respondent also argues that Petitioner's reasons for avoiding BOP's administrative remedy program are incorrect and have no legal support. (*Id*.)

In the alternative, Respondent urges the Court to deny the petition because the BOP has not abused its discretion regarding Petitioner's pre-release placement plan. (Resp't Resp, at 1.) (*Id*. at 2–3.) Respondent contends that she has exercised considerable discretion to create a pre-release placement plan that includes a proposed transfer date to a residential re-entry center

---

[2] Petitioner's statutory release date is October 3, 2026 based on projected good time. (Pet., at 6.)

2

("RRC") on June 5, 2025, with pre-release custody approximately four months prior to the end of Petitioner's projected October 3, 2025 sentence completion date. (*Id.* at 2–3.) The plan also reflects that Petitioner would likely receive up to 365 days of FSA credit applicable toward early transfer to supervised release, but no days applicable toward additional pre-release custody. (*Id.*)

### III.  DISCUSSION

Before a federal inmate can seek habeas relief under 28 U.S.C. § 2241, he ordinarily must first exhaust administrative remedies. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012). Exhaustion of the BOP administrative remedy program requires: (1) an attempt at informal resolution, 28 C.F.R. § 542.13; (2) a formal administrative remedy request to the warden, § 542.14; (3) an appeal to the BOP Regional Director, § 542.15; and (4) an appeal to General Counsel in the Central Office, *id*.

In claiming exhaustion was futile, Petitioner admits in his petition that he never exhausted BOP's administrative remedies. (Pet'r's Mem. of Law, at 2.) Petitioner argues that the Court should excuse the exhaustion requirement because he "will suffer irreparable damage waiting to be released." (*Id.*) The "irreparable damage" he alleges is additional time in custody. (*Id.*) The risk of irreparable harm requires a clear showing of immediate irreparable injury or a presently existing actual threat. *Douvos v. Quintana*, 382 F. App'x 119, 122 (3d Cir. 2009). Without more, courts have rejected the notion that a prisoner will "suffer irreparable injury if he is denied early release or release to a halfway house." *Id*.

On February 22, 2023, Petitioner was sentenced to an aggregate 72-months incarceration followed by three years supervised release as a result of his guilty plea to a four-count criminal information charging him with interstate commerce by robbery, unlawful possession of a firearm by a convicted felon, and two counts of threatening to kidnap or injure another person. *USA v.*

3

*Harris*, Crim No. 21-CR-534-2 (CRC) (D.D.C.) (J. of Conviction, ECF No. 65.)[3]  The BOP prepared an individualized pre-release placement plan that projected a sentence completion date of October 3, 2025.  (Resp't Resp., at 3.)  As part of this plan, Petitioner would transfer into pre-release custody approximately four-months prior to the end of his sentence, or June 5, 2025.  (*Id.*)  Petitioner would receive up to 365 days of First Step Act credit applicable toward early transfer to supervised release, but no days applicable toward additional pre-release custody.  (*Id.*)

Federal sentencing law permits federal prison authorities to award prisoners credit against prison time as a reward for good behavior. 18 U.S.C. § 3624(b).  The BOP has considerable discretion to determine if and when to transfer an inmate into pre-release custody. *Brown v. Warden Fairton FCI*, 617 F. App'x 117, 119 (3d Cir. 2015) ("The BOP has *discretion* under § 3621(b) to permit a prisoner to serve all or part of his sentence in an RRC.").  As Petitioner has not sufficiently alleged that he will suffer "irreparable injury" as a result of continued incarceration imposed as part of his lawful sentence pending his transfer into pre-release custody, the Court is remiss to find that he is excused from exhausting administrative remedies. *See Kotz v. Lappin*, 515 F. Supp. 2d 143, 152 (D.D.C. 2007) ("Without showing that his incarceration is wrongful, the court is loathe to declare that the [prisoner] would suffer 'extreme or very serious damage' by serving the remainder of a properly-imposed sentence.")).

Moreover, exhaustion is not futile because Petitioner did not raise an issue of pure statutory construction in his petition.  *See Vasquez*, 684 F.3d at 433–34 ("We have held that a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction[.]")  Although Petitioner alleges that the BOP violated 18 U.S.C. § 3632(d)(4)(c) by failing to affect his immediate transfer to pre-release custody, he did not argue that the statute itself

---

[3] Available at Public Access to Court Electronic Records, www.pacer.gov.

was invalid or erroneously interpreted. (Pet'r's Mem. of Law, at 3.) Instead, he generally complains that his case manager "refuses" to apply time credits, and that the halfway house is currently at full capacity. (*Id*.) These issues are capable of resolution through the administrative remedy process. Accordingly, Petitioner cannot establish that exhaustion was futile on the basis of statutory construction.

Because the face of the petition establishes that Petitioner failed to exhaust administrative remedies regarding his placement in pre-release custody and Petitioner has not shown that the failure to exhaust should be waived, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies. On that basis, the Court need not address whether BOP abused its discretion regarding Petitioner's pre-release placement plan.

## IV.   CONCLUSION

For the reasons discussed above, the petition will be dismissed without prejudice for failure to exhaust administrative remedies. An appropriate Order follows.

Date: April 24, 2025

**HON. JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**